UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

MORDECHAI PALACE AND CHAVA LEZELL
on behalf of themselves and
all other similarly situated consumers

                          Plaintiffs,

    -against-


PREMIER NEVADA, LLC, FIRST PREMIER BANK,
AND PREMIER BANKCARD, LLC

                          Defendants.

_____

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs Mordechai Palace and Chava Lezell seek redress for the illegal practices of Premier Nevada, LLC, First Premier Bank, and Premier Bankcard, LLC (collectively, "Premier") in which they unlawfully engaged in the collection of consumer debts in violation of the Telephone Communications Privacy Act ("TCPA").

### *Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. The alleged debt that Defendants sought to collect from the Plaintiffs involves a consumer debt.

4. Upon information and belief, Defendants' principal place of business is located within Sioux Falls, South Dakoda.

5. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

### *Jurisdiction and Venue*

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Mordechai Palace and Chava Lezell*

8. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiffs.

9. On fifty six occasions within the past three years, Defendants made fifty six prerecorded phone calls to an unauthorized wireless number belonging to Plaintiffs.

10. Upon information and belief Defendants used an auto dialer and prerecorded messages when calling the Plaintiffs.

### **AS AND FOR A FIRST CAUSE OF ACTION**

### *Violations of the Telephone Consumer Protection Act brought by Plaintiffs*

11. Plaintiffs re-state, re-allege, and incorporates herein by reference, paragraphs one (1) through ten (10) as if set forth fully in this Cause of Action.

12. The Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating fifty six telephone calls to the Plaintiffs' wireless telephone number using an artificial and prerecorded voice to deliver messages without having the consent of the Plaintiffs to leave such messages.

13. Defendants have repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or prerecorded messages that have been unleashed against Plaintiffs by the Defendants.

14. There is no exception or justification for the numerous violations of the TCPA by Defendants as Plaintiffs have not consented to the use of the wireless telephone number at issue where the Plaintiffs were charged for each call.

15. Each call is a separate violation and entitles Plaintiffs to statutory damages against the Defendants in the amount of $500.00 per call.

16. Plaintiffs assert that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

17. All actions taken by Defendants were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that their actions would very likely harm Plaintiffs and/or that their actions were taken in violation of the TCPA and/or that knew or should have known that their actions were in reckless disregard of the TCPA. Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any Plaintiff on his/her cell phone using a prerecorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc*., 2010 U.S. Dist. LEXIS 43874)

18. This action is brought on behalf of Plaintiffs and the members of a class.

19. The class consists of all persons whom Defendants' records reflect resided in the State of New York and who received telephonic messages from Defendants' representatives within a three year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a consumer seeking payment of a consumer debt; and (b) the Defendants used an automatic telephone dialing system or an artificial or prerecorded voice; and (c) the Plaintiffs did not provide prior express

consent for such calls; and (d) that the telephone messages were in violation 47 U.S.C. § 227.

20. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the TCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

21. A class action is superior for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or

varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure.

*Violations of the Telephone Communications Privacy Act*

23. The actions of the Defendants violate the TCPA.

24. Because the Defendants intentionally violated the TCPA, the Plaintiffs are entitled to damages in accordance with the TCPA namely $1500 for each call where the Defendants failed to obtain prior consent from the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor and against the Defendants and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 19, 2014

/s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiffs request trial by jury on all issues so triable.

/s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)